# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SANDRA Y. FLORES, individually and as Personal Representative of the ESTATE OF MATEO E. FLORES PASTOR,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **MARIO E. FLORES RODRIGUEZ, individually and as Personal Representative of the ESTATE OF MATEO E. FLORES PASTOR,** | : | |
| | : | |
| | : | |
| *Plaintiffs*, | : | |
| | : | **Civil Action No. l:24cv03133** |
| **v.** | | **Judge: Timothy Kelly** |
| | : | |
| **THE GEORGE WASHINGTON UNIVERSITY,** | : | |
| | : | |
| *Defendant*. | : | |

## JOINT MEET AND CONFER STATEMENT

Plaintiffs Sandra Flores and Mario Flores Rodriguez, along with Defendant The George Washington University, pursuant to Fed. R. Civ. P. 26, Local Rule 16.3, and this Court's Case Management Order dated November 27, 2024, hereby jointly file this report following their counsels' initial meet-and-confer conference which took place on December 10, 2024:

1.     **Brief Statement of Facts:** This case arises from an alleged incident that occurred on or about November 5, 2022. At the time of Mr. Flores's death, he was pursuing a bachelor's degree in computer science at The George Washington University. On November 4, 2022, Mr. Flores visited Munson Hall (an undergraduate residence hall) at the George Washington University, 2212 I Street N.W., Washington, D.C. 20052. Upon exiting Munson Hall, Mr. Flores sustained personal injuries when attempting to negotiate the exit area in his motorized wheelchair.

Mr. Flores received medical treatment after the incident at a hospital and was discharged that same day.  He went home and passed away hours later, which Plaintiffs contend was because of the incident.

Plaintiffs contend that at the time of the incident, the front of Munson Hall area lacked any visual cues, such as handrails or signage, which would have indicated a change in elevation from the door through which Mr. Flores exited on his motorized wheelchair to the step where his motorized wheelchair descended. Plaintiffs also contend that at the time of the incident, the slope of the concrete entrance pad located near the door through which Mr. Flores exited in his motorized wheelchair was  in excess of the applicable structural limit and contributed to this incident.

The George Washington University denies any liability for the incident, denies causation, and affirmatively asserts as defenses contributory negligence and assumption of risk.  Upon information and belief, Mr. Flores used the available wheelchair ramp to enter Munson Hall, but failed to use it when exiting and instead directed his wheelchair over a step some distance from the entrance.

**2.**      **<u>Disposition of the Case by Dispositive Motions</u>:**  There are no dispositive motions currently pending before the Court.

**3.**      **<u>Joinder and Amendment to Pleadings</u>:** The Parties propose to amend pleadings and/or add additional parties by February 17, 2025.

**4.**      **<u>Magistrate</u>:**  The Parties do not consent to a referral to a magistrate judge at this time.

**5.**      **<u>Settlement/ADR</u>:** The Parties are not in a position to evaluate settlement at this time.  Following the close of discovery, the Parties anticipate filing a joint status report to advise the court on whether mediation will be productive at that time.  In the joint status report, the Parties

will indicate whether they would like to use the Court's ADR procedures or engage the services

of a private mediator.

6.     **Dispositive Motions:**   The Parties do not yet have sufficient information to

determine whether the case can be resolved by summary judgment.   As for dates for filing

dispositive motions and other related filing, the Parties refer the Court to the Proposed Scheduling

Order attached as Exhibit A.   However, the parties reserve the right to file dispositive motions at

the conclusion of discovery.

7.     **Initial Disclosures:**   The Parties agree to stipulate to waive initial disclosures.

8.     **Discovery:**   The Parties agree that each Party is limited to a maximum of 25

interrogatories, 30 requests for production of documents, 25 requests for admission, and a

maximum of 10 depositions, not including depositions of expert witnesses or Plaintiff's treating

medical providers.  The Parties refer to the Proposed Scheduling Order attached as Exhibit A for

the schedule of discovery.

9.     **Disclosure, Discovery, and Electronically Stored Information:**   Defendant

believes that they may possess limited electronically stored discoverable information, including

but limited to, academic records, transcripts, application for admission, and other educational

records concerning decedent.

10.     **Issues Regarding Privilege and Confidentiality:** The Parties have discussed and

they acknowledge that there may be issues that arise with respect to confidential information where

personal and confidential information of a non-party student or teacher, may be sought. Such

information may be subject to the Federal Educational Rights and Privacy Act (FERPA). Should

the issue arise, the Parties will discuss the entry of a Protective Order to eliminate any improper

release of such information while complying with discovery obligations under the rules of this

Court. In addition, Defendant will request relevant medical records for the decedent.  Plaintiff will provide appropriate releases to obtain these confidential records.

11.    **Expert Witnesses:**  The Parties agree that the exchange of expert witness reports and information should proceed pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and refer the Court to the Proposed Scheduling Order attached as Exhibit A.

12.    **Class Action:**  Not applicable.

13.    **Bifurcation:**  The Parties do not believe that this is a case where bifurcation is appropriate.

14.    **Depositions**: The Parties will work cooperatively to schedule depositions.  To the extent that the Parties need to take depositions beyond the limits set forth by Fed. R. Civ. P. 30 or this Statement, the Parties will seek leave of the Court.

15.    **Pretrial Conference:** The Parties agree that the pretrial conference should be scheduled following either the conclusion of a mediation or ADR session, if unsuccessful, or after dispositive motions following the close of discovery.

16.    **Trial Date:** The Parties request that the Court set a trial date at the Pretrial Conference and refer the Court to the Proposed Scheduling Order attached as Exhibit A.

17.    **Other Matters Appropriate for Inclusion in Scheduling Order:** Not applicable.

SANDRA Y. FLORES and
MARIO E. FLORES RODRIGUEZ
By Counsel


 /s/ Justin M. Beall
Justin M. Beall, #502394
Koonz McKenney Johnson & DePaolis LLP
2001 Pennsylvania Avenue NW, Suite 530
Washington, DC 20006
(202) 659-5500 (Telephone)
(202) 785-3719 (Facsimile)
Jbeall@koonz.com

GEORGE WASHINGTON UNIVERSITY
By Counsel


 /s/ Paul J. Maloney
Paul J. Maloney, #362533
Andrew S. Nagel, #90013170
Carr Maloney P.C.
2000 Pennsylvania Avenue, NW, Suite 8001
Washington, D.C.  20006
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
Paul.Maloney@carrmaloney.com
Andrew.Nagel@carrmaloney.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SANDRA Y. FLORES, individually and                  :
as Personal Representative of the ESTATE OF
MATEO E. FLORES PASTOR,                              :

    and                                             :

MARIO E. FLORES RODRIGUEZ,                           :
individually and as Personal Representative of
the ESTATE OF MATEO E. FLORES                        :
PASTOR,
                                                     :

    *Plaintiffs*,

                                                     :    **Civil Action No. l:24cv03133**
v.                                                   **Judge: Timothy Kelly**
                                                     :

THE GEORGE WASHINGTON                                :
UNIVERSITY,                                          :

    *Defendant*.                                    :

### SCHEDULING ORDER

UPON CONSIDERATION of the Joint Report Pursuant to LCvR 16.3, it is this _____ day of _____ 2024, by the United States District Court for the District of Columbia,

ORDERED, that the following discovery schedule be incorporated into the Court's Scheduling Order:

| | |
|---|---|
| Early Mediation Date (required by statute) | To be determined by the parties |
| Exchange List of Fact Witnesses | 3/20/2025 |
| Proponent's Rule 26(a)(2)(B) Report | 5/7/2025 |
| Opponent's Rule 26(a)(2)(B) Report | 6/12/2025 |
| Discovery Requests Deadline | 6/23/2025 |
| Close of Discovery | 8/4/2025 |
| Dispositive Motions Deadline | 9/1/2025 |
| Dispositive Motions Decided | 10/30/2025 |
| Pretrial Date | To be set at close of discovery/status hearing |
| Trial Date | To be set at close of discovery/status hearing |

_____
Judge Timothy Kelly